Ruffin, C. J.
 

 Carter T. Baughan was arrested by a constable at the suit of Willkings and Belden, on a
 
 capias ad
 
 satisfaciendum, issued by a justice of the peace, and he entered into bond with John M. Jarrott and another, (who is since dead) as his sureties, in the usual form, with condition for Baughan’s appearance at the next County Court, to take the benfit of the act for the relief of insolvent debtors,
 
 *87
 
 as in the act prescribed. In the County Court, his creditors suggested his fraudulent concealment of sundry articles sums of money ; issues were made up on the several suggestions ; the jury found the fraud and concealment as alleged; and the court gave the judgment, as prescribed in the act, that Baughan be in the custody of the sheriff, and be imprisoned until a full and fair disclosure of his effects should be made by him. From that judgment he appealed to the Superior Court, and entered into bond with Neil Johnson and others as his sureties, with condition that
 
 “
 
 the said Baughan do well and truly prosecute his said appeal with effect, or, in case he shall have the cause decided against him, shall perform the judgment, sentence or decree, which the Superior Court shall make or pass therein.” At November Term, 1837, the transcript was filed in the Superior Court, and the case was thence duly continued until No-ber Term, 1839. Being then called, Baughan failed to appear, and his failure was recorded; and, at the same time, on the motion of his attorney, and cause shewn by the affidavit of his agent, the case was continued by order of the court until the next Term, and it was thence again duly continued until May Term, 1841, when the issues were tried and the jury again found the fraud and concealment as before.— Thereupon, Baughan was, upon the motion of the plaintiff, called, but he failed to appear; and, his default being recorded, the court rendered judgment thereon, against him and Jarrott, on the bond returned by the constable, to be discharged by the payment of the debt and interest, and the costs in the County and Superior Courts. The creditors then further moved the court for a like judgment against the principal and his sureties on the appeal bond, or, if the court should think them not entitled to more, for a judgment' for the costs in the Superior Court. To that motion it was objected, that, as the plaintiffs had gone to trial on the issues, the only judgment it was then competent for the court to pass was, that the debtor be imprisoned; and that there could be no judgment on the appeal bond. Of that opinion
 
 *88
 
 was the court, and refused the motion entirely; and the plaintiffs appealed.
 

 It appears to the court that these creditors had a right to judgment on the appeal bond for their debt and costs, according to the motion in its largest form. The act, Rev. St. c. 58, s. 10, gives to either party, dissatisfied with the verdict, an appeal
 
 “
 
 as in other cases.” This imports, that when the debtor appeals, he shall give a bond for the performance of the judgment against him in the court above, and also imports a summary remedyon.it by giving a judgment against -the sureties for whatever may be recovered, against their principal. Rev. Stat. C. 4, s. 1 and 10. But the reasoning on which his Honor proceeded, is, that this cannot apply to the case before us, because, alter fraud found, the judgment is, that the debtor be imprisoned
 
 ¡
 
 which operates upon the person merely, and is not a judgment for a sum of money, for which there can also be a judgment against the sureties. But this construction of the act seems to the court to be very erroneous. What may be the liabilities of the sureties for an appeal by the debtor, against whom issues are found, and against whom, being in court, the judgment of imprisonment is pronounced, as directed by the 10th section, we are not now to say. Certainly they are not to stand imprisoned, like the debtor, until a disclosure be made by him. And it may be admitted, for the purposes of this case, that there is no redress against them in the case supposed. But that is a question essentially different from that which arises here ; which is, what is the liability of the sureties, when the debt- or is not in court, but makes default ? In that event the judgment of imprisonment cannot be rendered, or, at least, executed as designed by the law; and unless there can be a judgment for the debt and costs against the principal, so as to found a judgment thereon against some or all of his sureties, it is obvious the creditor is defeated of his whole remedy, simply by the default of the debtor, which would seem most extraordinary. It is yielded by the reasoning on which his Honor’s decision proceeds, that the sureties for the appeal would have been liable for the debt and costs, if the debtor
 
 *89
 
 had made default before the issues were tried, and the creditors had then taken their judgment for the default; for it said, the creditors have confined themselves to the judgment against the debtor’s person, by proceeding to the trial Of the issues, and taking a verdict which authorized a personal judgment. Why would they have been thus liable? It can only be, because, upon the failure of the debtor to appear, the creditors can take judgment for the debt and costs on the bond returned by the officer# and then a second judgment on the appeal bond, whereby the parties bound themselves that the .debtor should perform the judgment the Superior Court might render against him. The same reasoning applies to the case of a default by the debtor at any time, and especially after the issues found against him. The debtor is bound to appear, whenever duly demanded by the creditor, until the final .adjudication. Mooring v
 
 James,
 
 2 Dev. 254.
 
 Arrington
 
 v Bass, 3 Dev. 95. He may be called to be examined before the jury# and, upon his failure, the act directs that the judgment shall be for the penalty of the bond taken by the officer, to be discharged upon the payment of the debt and costs. It may be true, that the creditor is not bound to try the issu'es# and run the risk of having them found against him iri the absence of the debtor, but may at once take his judgment for non appearance; yet, when the verdict is the other way, that there are fraud and concealment, the' debtor is especially bound
 
 then
 
 to appear, since the very object of íhé issues is to subject him to actual imprisonment. Sec. 10. To that end it is evidently contemplated in the act, that the debtor shall be personally present in court, the words being, “ then and iri that case the said debtor shall be
 
 deemed
 
 in the custody of the Sheriff, and the court shall adjudge him to be imprisoned, <fcc.” The creditor, therefore, must have á right to demand him at that time, and that he should submit himself to the judgment of the law. It cannot be thought that, at the very time the law is about to'pronounce judgment of imprisonment on the debt- or, he can frustrate the creditor of the fruit of his suit, both as against himself and his sureties, simply by withdrawing
 
 *90
 
 himself from the court. Even if he had made default before, and the creditor had recorded it, and had proceeded unnecessarily to try the issues, we do not perceive that it can make a difference, for the creditor has a right to try them and to require the appearance of the debtor to abide by the judgment to be rendered thereon.' If he fail to appear at any time, there is to be judgment on the bond given for his appearance, and in the case before us, His Honor gave judgment on that bond against Baughan and Jarrott, for the debt and costs. That judgment refutes the argument, on which the court refused to give judgment on the appeal bond. It shews that the judgment, that the debtor be imprisoned, is not the only judgment that can be rendered after fraud found; for. upon a default after that finding, a judgment for the debt and costs was given on the appearance bond. Now, the rendering of judgment on that bond was absolutely inconsistent with a refusal of it on the other, for the sureties for an appeal áre conclusively bound for the performance of their principal in this case, as in every other case of a judgment for money.
 

 But, besides the reason stated in the record, others have been assigned in the argument here, why the motion should have been refused, which it is proper to notice. It was said, in the first place, upon the authority of
 
 Page
 
 v
 
 Winning
 
 ham, 1 Dev.
 
 &
 
 Bat. 113, that the debtor was not bound to appear in the Superior Court. But that case is quite distinguishable from this. An appeal to the Supreme Court only brings up a transcript of record for review as to errors in law ; whereas the whole case is removed by an appeal to the Superior Court, for a trial
 
 de novo
 
 there. Every reason, which makes the debtor’s appearance requisite in the County Court, applies with equal force to the proceedings in the Superior Court.
 

 It was next said, that there was a default of the' debtor in November, 1830, and therefore that this motion could not
 
 *91
 
 be allowed in May, 1841, without a notice to the sureties.-— We see no reason why the creditor might not waive that' default and proceed to a trial of the issues, and then demand the debtor, and upon default then made have judgment on the bonds. But, in truth, there.was, we think, no'default in 1839 ; for at that term, at which the debtor failed to appear, the case was continued by the court, under the authority to do so, where the debtor has been prevented from attending court by good cause, to be judged of.by the court.' After that, it does not appear that he made default, until he was called after the verdict rendered, and, upon that then made, this motion was grounded.
 

 It was insisted, lastly, that the
 
 ca. sa.
 
 was defective, and did not authorize the arrest of Báughan ; and, therefore, that the creditor ought to have no remedy or any security founded on it. We are not prepared to admit, that, if the execution be invalid, the debtor could avail himself of it, after giving bond for his appearance, and, especially, after joining in the issues tendered by the creditor: But if he could object that matter against rendering judgment against him on the bond for his appearance, yet it seems to be a clear answer
 
 to
 
 this, and indeed to the preceding objection, that it is not competent to the sureties in the appeal bond to allege, that the judgment against their principal is erroneous. There is a judgment in this case against Baughan and Jarrott, for the debt and costs, from which there was no appeal. If there be error in that judgment, yet itjs perfectly settled, that while it remains in force it binds the sureties lor the appeal as much as the principal. It fixes the sureties with the debt, and the only questions between them and the appellees are, whether there- be a judgment against their principal, and whether he has performed it. If he has not, then judgment is to be rendered against them for the same money.
 

 The judgment below must be reversed, and judgment entéred here for the plaintiffs on the appeal bond, for
 
 *92
 
 .ctebt and interest, and the costs of the Superior and County Courts, as well as the costs in this Court.
 

 Per Ppriabj. Judgment accordingly.